IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-33-MOC-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAEDRION TREYSHUN COLEMAN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Seal Exhibit 1 to Sentencing Memorandum (the "Motion to Seal," Doc. 35). Exhibit 1 consists of an 11-page Mitigation Evaluation (the "Evaluation") by Courtney L. McMickens, MD, MPH, MHS and an 8-page curriculum vitae ("CV") for Dr. McMickens.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also LCrR 49.1.1.

The undersigned has reviewed the Motion to Seal and considered the public's interest in access to the subject documents and alternatives to sealing.

1

The Motion to Seal has appeared on the docket since it was filed on July 9, 2022. Further, Defendant's sentencing hearing occurred on July 19, 2022, and the docket does not indicate that Defendant's sentencing hearing was closed.

With regard to the subject documents, Defendant states that he seeks to file these materials under seal because they include "detailed sensitive and private personal information concerning the trauma [Defendant] experienced as a child, protected health information including psychological testing, as well as, information regarding other individuals not a party to this case." Doc. 35 at 1. The record does not indicate that the Government has objected to the Motion to Seal.

In his Sentencing Memorandum, Defendant requested that the District Court "grant a downward variance to a sentence of 51 months of imprisonment" on the basis of Defendant's "own unique history and characteristics, including his disrupted attachment and trauma, the overrepresentation of his adolescent criminal history, and because the advisory guideline range of this firearm offense is excessive in this case and does not promote the statutory purposes of sentencing." Doc. 34 at 2. The Sentencing Memorandum identified Dr. McMickens and described her opinions.

Under these circumstances, the undersigned finds that Defendant has made a sufficient showing to warrant the sealing of the Evaluation. While

Defendant's personal and psychological issues were pertinent to Defendant's sentencing arguments, information concerning those topics appeared in Defendant's Sentencing Memorandum, which is on the public record, and the public's right of access to the Evaluation itself, which contains Defendant's sensitive and private medical information, is substantially outweighed by Defendant's competing privacy interest in that information.

Further, Exhibit 1 contains personal information concerning numerous third parties.

With respect to the CV, however, this document does not appear to contain Defendant's personal information and it is not otherwise apparent why the CV should be sealed.

**IT IS THEREFORE ORDERED THAT** the Motion to Seal (Doc. 35) is granted in part and denied in part as follows:

1. With respect to the Evaluation, the Motion is **GRANTED** and this document shall remain **SEALED** until further Order of the Court.
2. With respect to the CV, the Motion is **DENIED** and the Clerk is respectfully directed to **UNSEAL** this document.

Signed: August 11, 2022

W. Carleton Metcalf
United States Magistrate Judge